UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GAYLE UTSEY AND ROBERT UTSEY | CIVIL ACTION |
| VERSUS | NO. 05-2593 |
| OLSHAN FOUNDATION REPAIR COMPANY OF NEW ORLEANS, LLP, ET AL | SECTION "C" (4) |

## ORDER AND REASONS

Before the Court is the defendants' motion to strike the report of the plaintiffs' expert, Dr. Randolph Rice ("Rice") (Rec. Doc. 38). Additionally, the defendants' motion requests the exclusion of any and all evidence relating to allegations of a continuing disability. The defendants, Olshan Foundation Repair Co. of New Orleans, LLP, Clay Tyler, and Liberty Mutual Insurance Company ("Defendants"), assert that Rice's expert report has no basis in fact, and thus, is inadmissible. Also, the Defendants claim that they would be prejudiced by the further disclosure of medical evidence. Having considered the record, the applicable law, and the parties' arguments, the motions is **DENIED**.

### I. Background

The plaintiffs brought this action following a vehicular collision on July 13, 2004. The Plaintiffs allege that the accident was caused by Tyler Clay while he was in the course and scope

1

of his employment with Olshan Foundation Repair Co. of New Orleans, LLP. The plaintiffs also maintain that Gayle Utsey was injured as a result of the accident, and has undergone surgeries to repair her shoulder. Furthermore, the plaintiffs claim that after the accident, Gayle Utsey was not able to return to work. In support of the plaintiffs' claim for damages, they have hired Rice as an expert economist to evaluate Gayle Utsey's lost wages. The defendants argue that Rice's expert report is inadmissible because there is no medical information to support the plaintiffs' claim of a continuing disability, and thus, Rice cannot calculate lost wages for a continuing disability. Indeed, the defendants aver that the only medical evidence concerning Gayle Utsey's condition is that her doctor released her to work without restrictions in September 2006. Rec. Doc. 38, p. 4-5.

## II. Expert Witness Standard

Federal Rule of Evidence 702 governs the admissibility of expert testimony and reports. It states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702.

Rule 702 was amended in 2000 to reflect the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The *Daubert* decision changed the criteria for the admissibility of expert testimony and charged trial courts to act as "gate-keepers" to ensure that the proffered testimony is both relevant and reliable. *Daubert*, 509 U.S. at 589. In *Kumho Tire*, the Supreme Court held

that the relevant and reliable standard announced in *Daubert* for scientific expert testimony applied to all types of expert testimony. *Kumho Tire*, 526 U.S. at 147.

In *Daubert*, the Supreme Court created a two-prong test for trial judges to determine the admissibility of expert testimony. To admit expert testimony, a court "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to: (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592. Additionally, both prongs of the *Daubert* test must be satisfied before the proffered expert testimony may be admitted. *Id.* at 595. This analysis "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* Thus, the first prong of *Daubert* focuses on whether the expert testimony is based on a reliable methodology. In determining an expert's reliability, the court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595. Several factors which may be considered in determining the soundness of the scientific methodology include: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards; and (4) whether the theory or technique used has been generally accepted. *Id.* at 593-94. These factors do not constitute a definitive checklist or test. *Kumho Tire*, 526 U.S. at 144. Instead, they compose a nonexclusive, flexible test to ascertain the validity or reliability of the methodology the expert employed. *Id.* The applicability of each factor depends on the particular facts of the case. *Id.*

The second prong, whether the proposed testimony will assist the trier of fact to

understand or determine a fact in issue, goes primarily to the issue of relevancy. *Daubert*, 509 U.S. at 591. *Daubert* described this examination as a question of whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute. *Id.*, citing *United States v. Downing*, 753 F.2d 1224, 1242 (3rd Cir. 1985). As noted in *Cunningham v. Bienfang*, 2002 WL 31553976 (N.D.Tex. Nov. 15, 2002), Federal Rule of Evidence 401 defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Therefore, expert testimony is not relevant, and thus, inadmissable if it is not helpful. "Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier." *Peters v. Five Star Marine*, 898 F.2d 448, 450 (5th Cir. 1990). "The Court in *Peters* ruled that it is within the discretion of the trial judge to decide "that the [fact-finder] could adeptly assess the situation using only their common experience and knowledge," and thus exclude expert testimony on that basis. If the expert's testimony brings no more to the finder of fact than the lawyers can offer in argument, the expert's opinions should be excluded. *In re Midland Enterprises, Inc.*, 2002 WL 31780156 at *3 (E.D.La. Dec. 11, 2002).

It is important to note that when expert testimony or reports are challenged under *Daubert*, the Court's role as a gatekeeper does not replace either the traditional adversary system, or the jury's place within the system. *Scordill v. Louisville Ladder Group, L.L.C.*, 2003 WL 22427981, at *3 (E.D.La. October 24, 2003). As the *Daubert* court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."

*Daubert*, 509 U.S. at 596. As a general rule, questions relating to the bases and sources of an expert's opinion rather than its admissibility should be left for the jury's consideration. *United States v. 14.38 Acres of Land, More or Less S. in County, Miss*. 80 F.3d 1074, 1077 (5th Cir. 1996) (citing *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

### III. Analysis

First, the defendants argue that without medical evidence to support the plaintiffs' claim of a continuing disability, Rice's report about lost earnings is inadmissible because it has no foundation. The defendants rely solely on Louisiana law to argue that Rice's opinion is inadmissible. Indeed, the defendants cite to the Louisiana state courts of appeal to assert that plaintiff cannot recover lost earnings without evidence from a vocational consultant regarding her loss of earning capacity. Rec. Doc. 38, p. 5. Although, the defendants' argument may be correct regarding the amount of money the plaintiffs could recover in state court, the defendants have not provided any federal authority to support their argument to exclude Rice's expert report under the federal rules of evidence.

In this case, the Advisory Committee Note to Rule 702 is instructive, it states:

When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis in the amendment on "sufficient facts or data" is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other. Rule 702, Advisory Committee Notes.

Additionally, in *Hose v. Chicago Northwestern Transp. Co*., 70 F.3d 968 , 974 (8th Cir. 1996), the court held, "the factual basis of an expert opinion goes to the credibility of the testimony not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Hose*, 70 F.3d at 974 (quoting *Loudermill v. Dow Chem. Co.*, 863 F.2d 566,

570 (8th Cir. 1988)). Thus, the defendants' attack on the factual basis of Rice's opinion is not a ground for exclusion.

Furthermore, the defendants' argument that "it is axiomatic that expert testimony in federal court must be based on some record fact to support the expert testimony" is unconvincing. Rec. Doc. 38, p. 4. The Court reminds the parties that the Federal Rules of Evidence allow for the admission of an expert's opinion, even when the facts underlying the expert's opinion are not admissible. Rule 703 states:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect. Fed.R.Evid. 703.

Therefore, the defendants' concern about the factual basis of Rice's report is best resolved by vigorous cross-examination and the presentation of contrary evidence. *See Daubert*, 509 U.S. at 596; *Hose*, 70 F.3d at 974.

Next, the defendants claim that they would be prejudiced by the further disclosure of medical evidence. The Court notes that the deadline for the completion of discovery in this case is November 19, 2007. Rec. Doc. 35, p. 1; *see also* Rec. Doc. 36 (extending deadlines for expert reports). Thus, the Court is not convinced that the defendants will be prejudiced by the disclosure of additional medical evidence regarding Gayle Utsey's physical condition at this time.

## IV. Conclusion

In light of the foregoing,

IT IS ORDERED that the defendants' motion to strike the report of the plaintiffs' expert is **DENIED** (Rec. Doc. 38).

New Orleans, Louisiana, this 19th day of November, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE